UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM ALBERT HAYNES III,**
individually and on behalf of all others
similarly situated,

        **Plaintiff,**

    v.

**WORLD WRESTLING
ENTERTAINMENT, INC.,**

        **Defendant.**

Case No. 3:14-cv-01689-ST

OPINION AND ORDER

**STEWART, Magistrate Judge:**

## INTRODUCTION

On October 23, 2014, plaintiff, William Albert Haynes III ("Haynes"), a former professional wrestler, filed this action on behalf of himself and all other United States residents who currently or formerly wrestled for defendant, World Wrestling Entertainment, Inc.[1] ("WWE"),[2] or a predecessor company.[3] He alleges that WWE is in the "business of selling violence" and has profited at the expense of its wrestlers' health by subjecting them to extreme

---

[1] The class definition lists the defendant as World "Wide" Entertainment which appears to be a typographical error. First Amended Class Action Complaint, ¶ 132.
[2] "WWE" includes World Wrestling Entertainment, Inc., along with all predecessor companies, including but not limited to, Titan Sports, Inc., World Wrestling Federation, Inc., World Wrestling Federation Entertainment, Inc., World Championship Wrestling, Inc., and Extreme Championship Wrestling.
[3] The class definition excludes WWE, entities controlled by WWE, WWE's legal representatives, assigns and successors, the judge to whom this case is assigned, and any member of the judge's immediate family.

1 – OPINION AND ORDER

physical brutality that it knew, or should have known, caused irreversible bodily damage, including brain damage, without providing adequate medical care. First Amended Class Action Complaint ("FAC"), ¶ 1. Additionally, Haynes alleges that WWE engaged in a "campaign of misinformation and deception to prevent its wrestlers from understanding the true nature and consequences of the injuries they have sustained." *Id*. As a result of WWE's "representations, actions, and inactions," WWE wrestlers have suffered "long-term debilitating injuries, lost profits, premature retirement, medical expenses, and other losses." *Id*. In particular, WWE wrestlers have suffered repeated head injuries which have altered wrestlers' brains and resulted in an "array of side effects, including depression, cognitive deterioration, and suicide." *Id*, ¶ 3. WWE has both failed to protect its wrestlers by concealing and denying the medical research and evidence concerning traumatic brain injuries and deliberately heightened the violence of its matches in order to increase its own profits. *Id*, ¶¶ 1, 4.

Based on these allegations, Haynes alleges the following seven claims against WWE: (1) Fraudulent Concealment and Failure to Disclose or Warn ("First Claim"); (2) Negligent Misrepresentation ("Second Claim"); (3) Declaratory and Injunctive Relief ("Third Claim"); (4) Negligence ("Fourth Claim"); (5) Medical Negligence ("Fifth Claim"); (6) Medical Monitoring ("Sixth Claim"); and (7) Strict Liability for Abnormally Dangerous Activities ("Seventh Claim").

Haynes is a citizen of Oregon.[4] The matter in controversy exceeds $5 million, exclusive of interest and costs. *Id*, ¶ 14. WWE is a Delaware corporation with its principal place of

---

[4] Haynes alleges that he is a "resident" of Oregon. FAC, ¶ 16. However, "[r]esidence and citizenship are not the same thing." *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995) (citation omitted). A person's state of citizenship is determined by the person's state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*, citing *Lew v. Moss*, 797 F2d 747, 749 (9th Cir 1986). "A person residing in a given state is not necessarily domiciled there . . . ." *Id*. For purposes of the present motions, this court assumes that Haynes is both a resident and a citizen of Oregon.

business in Stamford, Connecticut.  *Id*, ¶ 17.  Accordingly, this court has subject matter jurisdiction over this case under the Class Action Fairness Act of 2005, 28 USC § 1332(d)(2).

WWE has now filed a Motion to Dismiss (docket #44) and a Motion to Transfer Venue (docket #47) seeking either dismissal of all seven claims or, if any claims remain, transfer of this action to the District of Connecticut.  For the reasons that follow, the Motion to Transfer Venue is GRANTED and this action is transferred to the United States District Court for the District of Connecticut for resolution of the Motion to Dismiss.

## DISCUSSION

WWE asks this court to rule on its Motion to Dismiss before ruling on the Motion to Transfer Venue.  However, among other things, the parties dispute whether this court has personal jurisdiction over the WWE.  Where "personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal," the United States Supreme Court expressly authorizes trial courts to take "the less burdensome course" and decide the *forum non conveniens* issue before any merits-based issues.[5]  *Sinochem Int'l Ltd. v. Malaysia Int'l Shipping Corp.*, 549 US 422, 436 (2007).

### I. Legal Standard

"A motion to transfer venue is a non-dispositive matter falling within the province of a United States Magistrate Judge."  *Penguin Grp. (USA) Inc. v. Am. Buddha,* No. 3:13–cv–00497–HU, 2013 WL 6385916, at *1 n1 (D Or Dec. 6, 2013) (citations omitted); *see also Pavao v. Unifund CCR Partners,* 934 F Supp2d 1238, 1241 n1 (SD Cal 2013) (citing cases).

///

---

[5]  Although *Sinochem* involved a *forum non conveniens* dismissal in favor of pending litigation in a foreign court, the same logic applies with equal force to a *forum non conveniens* transfer to another district court: "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  *Sinochem*, 549 US at 1190-91 (citations omitted).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 USC § 1404(a).  A motion under 28 USC § 1404(a) requires a district court to engage in a two-step inquiry.  The threshold issue is whether the case could have been brought in the forum to which transfer is sought.  *Hatch v. Reliance Ins. Co.*, 758 F2d 409, 414 (9th Cir 1985).  The court considers whether the proposed forum "would have had subject matter jurisdiction at the time the action was filed; [whether] defendants would have been subject to personal jurisdiction; and [whether] venue would have been proper."  *E. & J. Gallo Winery v. F. & P. S .p.A.*, 899 F Supp 465, 466 (ED Cal 1994) (citations omitted).

If the action could have been brought in the forum where transfer is sought, the court then considers "whether the convenience of the parties, the convenience of the witnesses, and the interest of justice weigh in favor of transferring venue to that forum.  This step of the inquiry requires an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F3d 495, 498 (9th Cir 2000), quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 US 22, 29 (1988).  Relevant factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiffs choice of forum, (4) the respective parties' contacts with the forum, (5) the contracts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party wit-nesses, and (8) the ease of access to sources of proof.

*Id* at 499.

The court may also consider "the local interest in the controversy and the relative court congestion and time to trial in each forum."  *Safe Drain, Inc. v. Vito*, No. C–14–01867–DMR,

2014 WL 4088147, at * 3 (ND Cal August 19, 2014), citing *Williams v. Bowman*, 157 F Supp2d 1103, 1106 (ND Cal 2001).

The district court has great discretion in deciding whether the relevant factors warrant transfer of the action to another forum. *See Sparling v. Hoffman Constr. Co.*, 864 F2d 635, 639 (9th Cir 1988) ("'Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.'"), quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F2d 270, 279 (9th Cir1979).

## II. Analysis

This court has carefully considered the materials submitted in connection with both of the pending motions and concludes that transfer of this action is warranted. It is clear that this action could have been filed in the District of Connecticut. Moreover, the record reveals that, for 15 of the 30 years at issue in this case,[6] every booking contract between the WWE and its wrestlers contains a forum selection clause requiring the parties to submit "all disputes arising out of or relating in any way to" the booking contract "exclusively to the jurisdiction of the United States District Court of Connecticut." Langham Aff. (docket #47-1), ¶¶ 15-16. Based on those mandatory forum selection clauses, one district court has already transferred a substantially similar case to the District of Connecticut. *Singleton, et al. v. World Wrestling Entm't, Inc.*, Eastern District of Pennsylvania Case No. 5:15-cv-00223-LS. In two other cases filed in Tennessee and California, motions to transfer venue to the District of Connecticut based on the existence of forum selection clauses in the wrestlers' contracts with WWE remain pending. *Frazier v. World Wrestling Entm't, Inc.*, No. 2:15-cv-02198-JPM-cgc (WD Tenn) (Motion to

---

[6] At a minimum, this case purports to cover wrestling between 1986 when that Haynes began wrestling with the WWE's predecessor and the present. FAC, ¶¶ 16 (noting that Haynes wrestled with the WWE between 1986 and 1988), 132 (defining class as "[a]ll persons who *currently or formerly* wrestled for [WWE] or a predecessor company . . . .") (emphasis added).

Change Venue Pursuant to 28 U.S.C. § 1404(a) Due to Forum-Selection Clauses in the Contracts Between WWE and the Decedent (docket #5) filed March 27, 2015, pending); and *McCullough et al. v. World Wrestling Entm't, Inc.*, No. 2:15-cv-02662-AB-JEM (CD Cal) (WWE's Motion to Transfer Venue Due to Mandatory Forum-Selection Clauses in the Contracts Between the Parties (docket #16), set for a hearing on July 13, 2015).

The bulk of the relevant factors are either neutral or weigh in favor of a transfer of this case. As to where the relevant agreement was negotiated, the record reveals that Haynes "negotiated the terms of [his] relationship" in Oregon by telephone with WWE's predecessor, Titan Sports, Inc. Haynes Decl. (docket #51), ¶ 4.[7] However, that factor is neutral, given that it appears likely that the negotiator for WWE's predecessor was in Connecticut or some other state. The pleadings do not identify the place(s) of performance of that booking contract, though Haynes now avers that he participated in "at least" four wrestling matches in Oregon. *Id*, ¶ 7. He does not deny participating in wrestling matches for WWE's predecessor in other states, and nothing currently in the record ties his four Oregon wrestling matches to the damages alleged in this case. Thus, contacts relating to the plaintiff's cause of action is a neutral factor. The difference in costs of litigation is neutral, given that either Haynes must travel to Connecticut or WWE must travel to Oregon. The record supports WWE's contention that the availability of compulsory process to compel attendance of non-party witnesses and the ease of access to sources of proof both weigh in favor of transfer.

This leaves only the plaintiff's chosen forum and the relative familiarity of Oregon courts with Oregon law. "Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of

---

[7] While Haynes states that he requested and was refused a written contract (Haynes Decl., ¶ 5), WWE states that Haynes "entered into a booking agreement" dated June 2, 1986, implying that it was a written agreement. However, WWE has not submitted a copy of any written booking agreement between Haynes and WWE's predecessor.

forum is given less weight." *Lou v. Balzberg*, 834 F2d 730, 739 (9th Cir 1987) (citations omitted). *See also Johns v. Panera Bread Co.*, No. 08–1071–SC, 2008 WL 2811827 (ND Cal July 21, 2008) (citing cases "consistent with Ninth Circuit and Supreme Court authority" for the proposition that "[p]laintiff's decision to seek to represent a nationwide class substantially undercuts this deference [normally afforded plaintiff's choice of forum]."). Whatever remaining deference that is accorded plaintiff's choice of forum is further eroded by evidence in the record that many of the putative class members are subject to mandatory forum selection clauses requiring disputes to be resolved in the District of Connecticut. Langham Decl., ¶¶ 15-16.

In addition, it appears that Haynes's attorneys may be engaging in forum shopping. "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F Supp2d 1103, 1106 (ND Cal July 26, 2001) (citation omitted). On January 16, 2015, shortly before the filing of the FAC and currently pending motion to dismiss based on Oregon's statute of repose in this case, a second nationwide class action, *Singleton*, was filed in the United States District Court for the Eastern District of Pennsylvania. The plaintiffs in *Singleton* are represented by one of the attorneys representing Haynes in this case, Konstantine Kyros ("Kyros"). Just over two months later, on March 23, 2015, Judge Lawrence Stengel transferred the *Singleton* action to the District of Connecticut, noting that plaintiffs did not oppose a transfer of venue and agreed that the District of Connecticut is an appropriate forum. Order dated March 23, 2015 (docket #11). On May 22, 2015, the *Singleton* plaintiffs filed an Amended Complaint, voluntarily dismissing their class allegations. *Singleton, et al. v. World Wrestling Entm't, Inc*., United States District Court of Connecticut (New Haven), Case No. 3:15–cv–00425-VLB, First Amended Complaint (docket #67).

On February 18, 2015, prior to the transfer of the *Singleton* action, the Personal Representative for a the estate of a former WWE wrestler, also represented by Kyros, filed another case in Tennessee state court, alleging claims for negligence, negligent and intentional misrepresentation, fraudulent concealment, fraud by omission/failure to warn, vicarious liability, wrongful death, punitive damages, and loss of consortium. *Frazier, et al. v. World Wrestling Entm't, Inc.*, Circuit Court of Shelby County Tennessee (Thirtieth Judicial District at Memphis), Case No. CT-000702-15. That case was subsequently removed to the United States District Court for the Western District of Tennessee. On March 27, 2015, WWE filed a Motion to Change Venue (docket #5) based on the terms of a mandatory forum-selection clause in the booking contract. That motion has, as yet, not been decided.

Finally, on April 9, 2015, *McCullough*, an identical nationwide class action, was filed in the Central District of California. The *McCullough* action alleges several claims identical to those alleged here and adds a claim for violation of the California Unfair Competition Law. Again, based on mandatory forum-selection clauses in booking contracts, the WWE has moved to transfer that case to the District of Connecticut, and a hearing is set on that motion in mid-July. Kyros is not listed as counsel in that case, and WWE attorneys have been unable to confirm whether he represents the plaintiffs. However, the pleadings in the *McCullough* action incorporate many of the identical allegations and photographs and seek the identical relief alleged in the FAC in this case.

This court is persuaded that the content and timing of these multi-jurisdictional filings constitute evidence of forum shopping. Accordingly, plaintiff's choice of Oregon as one state on a hit-list of potential venues for this nationwide class action is "accorded little deference."
///

## **ORDER**

Based on the above, it is ORDERED that WWE's Motion to Transfer Venue (docket #47) is GRANTED and this case is transferred to the United States District Court for the District of Connecticut.

This court expresses no opinion on the merits of any portion of the WWE's Motion to Dismiss (docket #44) which is reserved for a ruling by the United States District Court for the District of Connecticut.

DATED  June 25, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge