**B. John Casey**, OSB #120025
Email: john.casey@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97258
Tel.: (503) 228-3200 \ Fax: (503) 248-9085

**Jerry S. McDevitt** (pro hac vice)
Email: jerry.mcdevitt@klgates.com
**Curtis B. Krasik** (pro hac vice)
Email: curtis.krasik@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel.: (412) 355-6500 \ Fax: (412) 355-6501

Attorneys for Defendant
World Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| WILLIAM ALBERT HAYNES III, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>      Defendant. | Case No. 3:14-cv-01689-ST<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE
PO-376832

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

I.  **INTRODUCTION & BACKGROUND**

By Opinion and Order dated June 25, 2015, Magistrate Judge Stewart ("Judge Stewart") ordered that this putative class action be transferred to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). In concluding that the public and private interests weighed in favor of a transfer, Judge Stewart, relying on controlling Ninth Circuit precedent, found that little deference should be accorded to plaintiff Haynes' choice of forum because (a) he brought this case as a nationwide class action, (b) "many of the putative class members are subject to mandatory forum selection clauses requiring disputes to be resolved in the District of Connecticut," and (c) Haynes' lead counsel, Konstantine Kyros, ("Kyros") had filed multiple, entirely duplicative actions against WWE across the country, which evidenced forum shopping. Judge Stewart found that the rest of the public and private interest factors – the costs of litigation, the respective jurisdictions' relationships to the dispute, and the ease of access to sources of proof – were "either neutral or weigh in favor of a transfer of this case" to Connecticut.

The <u>day after</u> Judge Stewart's rulings regarding the import of forum selection clauses and the forum shopping of Kyros, he filed yet <u>another</u> substantially similar case in Texas. Specifically, Kyros filed an action in the Northern District of Texas against WWE on behalf of the former girlfriend of a deceased wrestler, Matthew Osborne ("Osborne"). Although Osborne died of a drug overdose in 2013, some twenty years after he last regularly performed for WWE, the suit attempts to blame his death on alleged traumatic brain injuries caused by performing for WWE. The case was filed in Texas even though the plaintiff and her children live in <u>Pennsylvania,</u> and in breach of a mandatory forum selection clause contained in Osborne's contract with WWE that establishes the District of Connecticut as the exclusive forum for any such claims. Mr. Osborne is a member of the putative class covered by the *Haynes* case and

PAGE 1 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

every other class action suit filed by or on behalf of Kyros since he began the forum shopping campaign identified in Judge Stewart's Order.[1] The Osborne case represents the fourth time that Kyros, and those attorneys acting in concert with him, have ignored mandatory forum selection clauses and the unanimous decision of the United States Supreme Court in 2013 holding that such clauses are to be given controlling weight in all but the most exceptional cases. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

Now, Haynes objects to Judge Stewart's ruling under Rule 72(a) and 28 U.S.C. § 636(b)(1), claiming chiefly that the forum-shopping conclusions were wrong and, incredibly, that there was no record evidence of mandatory forum selection provisions. Haynes' Objection faces a high burden. He must establish that Judge Stewart's non-dispositive and highly discretionary ruling was "clearly erroneous" or "contrary to law." *Id.* The Objection comes nowhere close to meeting this burden – Haynes merely rehashes arguments that were presented to, and rejected by, Judge Stewart. Worse, the Objection flatly misstates the record that was before Judge Stewart.

Haynes specifically objects to the following "private interest" findings made by Judge Stewart: (i) "[t]he difference in costs of litigation is neutral," Order at 6, (ii) "many of the putative class members are subject to mandatory forum selection clauses requiring disputes to be resolved in the District of Connecticut," *id.* at 7, and (iii) Haynes' counsel "may be engaging in forum shopping," *id.* Haynes claims that these findings were not supported by the record and

---

[1] One might expect that Haynes would have disclosed the filing of the *Osborne* suit in his Objection, given that his lawyers filed it the day after Judge Stewart concluded that there was evidence that Haynes' lawyers had engaged in forum shopping. It was not disclosed. Instead, while attempting to justify the prior forum shopping, Haynes' counsel represented that all of the subsequent suits had been filed by individuals in their home districts. Order at p.9. Obviously, a suit in Texas on behalf of Pennsylvania residents is not a suit in the home district of those plaintiffs.

PAGE 2 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

were instead a product of "*ad hominem*" attacks on Kyros and the "successful sale of . . . legal conclusions devoid of supporting facts." Doc. 61, Pl.'s Objections to Op. and Order ("Obj.") at 2.

Haynes' arguments should be summarily rejected. <u>First</u>, the facts before Judge Stewart, if anything, showed that the "costs of litigation" weighed in favor of a transfer because there would be more Connecticut witnesses (WWE executives and employees) that would need to travel to Oregon than Oregon witnesses that would need to travel to Connecticut (Haynes). Further, Haynes never claimed – much less submitted facts showing – that the costs of travel to Connecticut would in any sense be burdensome to him.[2]

<u>Second</u>, as to Judge Stewart's finding that many class members were subject to Connecticut forum selection clauses, Haynes incredibly claims that this finding was "marinated in speculation and naked of any supporting facts." Obj. at 3. He goes even further, emphasizing that there is supposedly <u>nothing</u> in the record to suggest the applicability or prevalence of such clauses for putative class members. *Id.* at 4, 8. This is absurd. The evidence before Judge Stewart showed that, as far back as 1991, WWE booking contracts typically required that any disputes be litigated in Connecticut; that some booking contracts entered into between 1997-2000 have an arbitration provision requiring arbitration in Connecticut; and that all known booking contracts entered into after 2000 contain a Connecticut forum selection clause. Judge Stewart, in fact, had no less than five booking contracts before her of members of Haynes' putative class that contained Connecticut forum selection clauses. *See* Doc. 47-2, Ex. 2 to Deft's

---

[2] This part of the analysis assumes that this matter will survive dispositive motions and necessitate travel to a trial on the part of one or the other parties. WWE respectfully submits that the polemics by Haynes about the hardship of travel must also be viewed from the standpoint of the likelihood that any of his claims survive summary dismissal due to Oregon's ironclad ten year statute of repose. Haynes last performed for WWE in 1988 and, as demonstrated by WWE in its Motion to Dismiss, Haynes' claims were all time barred not later than 1998.

PAGE 3 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

Mot. to Transfer Venue; Doc. 58-1, Ex. A to May 28, 2015 Declaration of B. John Casey. She was perfectly capable of examining those clauses and determining their significance and applicability. Moreover, as to the applicability of the forum selection clauses, the record reflected that Kyros and other counsel for Haynes agreed that a duplicative class action, the *Singleton* case, they originally filed in Pennsylvania, should be transferred to Connecticut, once WWE raised the issue of forum selection clauses in that case.[3] Neither Kyros nor any of the four lawyers from the two other firms who represent both Haynes and the *Singleton* plaintiffs make any mention of their prior agreement to transfer the *Singleton* case to Connecticut in their objections to Judge Stewart's Opinions and Order. Likewise, they offer no explanation for agreeing to transfer *Singleton*, but then ignoring such clauses when filing other suits. Indeed, they offer no reason at all for filing such multiple duplicative actions, nor explain why they have done everything possible to avoid Connecticut ever since agreeing that it was the proper forum due to the forum selection clauses.

<u>Third</u>, as to Judge Stewart's finding regarding forum shopping, Haynes does not and cannot dispute that, after he filed the instant action, his lawyers filed, or caused to be filed, two other duplicative class actions in other courts, and now two individual actions on behalf of former wrestlers who are also members of these putative classes, all in violation of mandatory forum selection clauses. Notably, since Judge Stewart's venue ruling in this case, the <u>third</u> class action that Haynes' counsel caused to be filed against WWE, styled as *McCullough et al. v.*

---

[3]     This parallel case is now styled *Singleton, et al. v. World Wrestling Entm't, Inc.*, Case No. 3:15-CV-00425-VLB (D. Conn.). There were four different law firms listed as plaintiffs' counsel on the original complaint in the *Singleton* matter, which was originally filed in the Eastern District of Pennsylvania. Five lawyers from three of those firms are also counsel in the *Haynes* case. Those lawyers are Kyros, and the Kyros Law office; Charles J. LaDuca and Brendan Thompson of Cuneo, Gilbert & La Duca; and Robert Shelquist and Scott Moriarity of Lockridge Grindal Nauen.

PAGE 4 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

*World Wrestling Entertainment Inc.*, No. 15-2662 (C.D. Cal.), also was transferred by the Central District of California to the District of Connecticut.  *See* July 23, 2015 Declaration of B. John Casey ("Casey Decl."), Ex. A.  In ordering the transfer, the court in *McCullough* enforced the Connecticut forum selection clauses in WWE's booking contracts, and found that those clauses covered the very disputes placed at issue in these cases.  The *Singleton* and *McCullough* actions, along with a related declaratory judgment action filed by WWE in response to Kyros' forum shopping styled *World Wrestling Entertainment, Inc. v. Robert Windham, et al.*, Case No. 2:15-cv-00994 (D. Conn.), have all been consolidated before the Honorable Vanessa L. Bryant in the District of Connecticut.

Furthermore, just hours before filing this Response, Judge Bryant, apparently concerned with Kyros' forum shopping and efforts to avoid jurisdiction in Connecticut, issued an order <u>sua sponte</u> requiring Kyros "to show cause why, in light of the forum selection provisions in WWE's employment contracts resulting in multiple orders of transfer, these actions should continue to be filed in other jurisdictions."  *McCullough v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-1074-VLB, Doc. 42 (D. Conn. July 23, 2015).

Thus, two federal judges have already acted to correct Kyros' forum shopping by transferring duplicative class actions to the Connecticut federal court, and a third has ordered him to show cause for why he continues to file suits outside of Connecticut in the face of explicit Connecticut forum selection provisions.  Transfer of all such cases to a single judge promotes judicial economy, avoids inconsistent rulings, and curbs Kyros' forum shopping.  Accordingly, there is no basis to overturn Judge Stewart's well-reasoned Opinion and Order, and strong principles of comity mandate that it be affirmed.

PAGE 5 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

## II.     STANDARD OF REVIEW

A magistrate judge's order on a nondispositive matter like a venue transfer is reviewed under a "deferential standard – 'clearly erroneous' and 'contrary to law.'" *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001) (internal quotations omitted). Unlike dispositive rulings, nondispositive rulings are not subject to *de novo* review. *See British Columbia, Ltd. v. Mercedes-Benz USA, L.L.C.*, No. 08-815, 2009 WL 113766, at *1 (D. Or. Jan. 15, 2009) (affirming Magistrate Judge Papak's venue transfer order). There is "clear error" only "when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Rapid Funding Grp. v. Keybank Nat. Ass'n*, No. CV 07-1348PK, 2009 WL 1490565, at *1 (D. Or. May 26, 2009) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). A decision is "contrary to law" only if it "applies the wrong legal standard or neglects to consider all elements of the applicable standard." *Nationstar Mortg., LLC v. Decker*, No. 3:13-CV-1793-PK, 2015 WL 519884, at *1 (D. Or. Feb. 9, 2015) (quotations omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.    ARGUMENT

Judge Stewart's Order clearly shows she applied the correct legal standards, and properly considered each of the elements under that standard. Haynes complains only about the result, which is an insufficient basis to overturn the decision.

Plaintiff conceded the first prong of the § 1404(a) analysis – the District of Connecticut was an appropriate forum to hear the dispute. Doc. 50, Pl.'s Opp. to Mot. to Transfer at 3. Thus, the only issue before Judge Stewart was the second inquiry under § 1404(a), "whether the convenience of the parties, the convenience of the witnesses, and the interest of justice weigh in

PAGE 6 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

favor of transferring venue to that forum." Order at 4 (citation omitted). This step of the inquiry "requires an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)). The following factors are considered in this inquiry, and Judge Stewart specifically cited the controlling decision:

> (1) location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99 (internal citations omitted)); *see also* Order at 4.

As Judge Stewart also correctly noted in her Opinion and Order, "[t]he district court has great discretion in deciding whether the relevant factors warrant the transfer of the action to another forum." Order at 5 (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) ("'Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.'") (citation omitted)). Thus, there can be no serious question about whether Judge Stewart cited the correct legal standard.

### A.    Judge Stewart Was Correct In Her Findings On The Relative Costs of Litigation

Haynes first quibbles with Judge Stewart's finding that "[t]he difference in costs of litigation is neutral, given that either Haynes must travel to Connecticut or WWE must travel to Oregon." Order at 6. However, if anything, this factor is not just "neutral" – it weighs in favor of WWE, which identified at least four witnesses – key WWE executives – who would be inconvenienced through travel to Oregon, and whose absence from Connecticut would impair WWE operations. *See* Doc. 43, Am. Compl. ¶ 18; Doc. 46, March 23, 2015 Affidavit of James

PAGE 7 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

W. Langham ("Langham Aff."), ¶ 6; Doc. 57, WWE Reply in Support of Mot. to Transfer Venue at 15–16.  In contrast, Haynes has failed to identify any witnesses, other than himself, who would be burdened if this case were litigated in Connecticut.

In his Objection, Plaintiff notes that the WWE is a "major public corporation with revenues of approximately $500,000,000," apparently implying that it may not be financially burdensome for the WWE to pay for the cost of witness travel to Oregon.  Obj. at 7.  Judge Stewart made no such finding, and this should not be a point of comparison, as Haynes never even states – much less submits any evidence showing – that he would have any trouble affording travel to Connecticut if in fact his case survived dismissal motions.  Doc. 51, Haynes Decl. in Support of Opp. to WWE's Mot. to Transfer Venue at at *passim*.  Moreover, Haynes does not claim he is employed, and thus travel would not disrupt any employment.  Conversely, requiring the top executives of a publicly traded company headquartered in Connecticut to travel to and attend proceedings in Oregon would cause substantial disruption of the business affairs of WWE.  Accordingly, the parties' relative means here does not favor Haynes in the § 1404(a) analysis.  *See, e.g., May v. Haas*, No. 2:12-CV-01791-MCE, 2013 WL 4010293, at *4 (E.D. Cal. Aug. 5, 2013) ("Although a party's financial situation is relevant in the venue transfer analysis, it is not entitled to great weight.  Unless Plaintiffs can establish financial inconvenience, Plaintiffs' choice of forum receives no greater weight ….") (internal quotations omitted).

Plaintiff next argues that it would be "extremely burdensome" for him to travel to Connecticut because of "health issues," Obj. at 7, but he never submitted any medical evidence explaining how his alleged ailments would make travel difficult.  *See Worker's Comp. Legal Clinic of La. v. Bellsouth Telecm'cs, Inc.*, No. CIV.A. 03-0722, 2003 WL 21750628, at *5 (E.D. La. July 28, 2003) (rejecting plaintiff's conclusory assertion of inconvenience because "much

PAGE 8 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

case preparation can be handled by telephone, through the mail, or through other means of communication."). More significantly, as noted in WWE's Reply, "the availability of electronic filing and video and teleconferencing technology limits the need for travel [and] in a civil case, a plaintiff may pursue a claim without appearing in court in person." Doc. 57 at 17 (citing *Pratt v. Silversea Cruises, Ltd., Inc.*, No. C 05-0693 SI, 2005 WL 1656891, at *4 (N.D. Cal. July 13, 2005)).

Judge Stewart properly analyzed – and certainly did not commit clear error with respect to – the "costs of litigation" issue. Moreover, quibbling about one finding made in an overall balancing of many factors and associated discretionary judgments hardly demonstrates clear error.

**B.     The Record Evidence Fully Supports Judge Stewart's Finding About The Connecticut Forum Selection Clauses**

In support of her ultimate conclusion that Haynes' choice of venue should be "accorded little deference," Order at 9, Judge Stewart first cited Ninth Circuit law for the proposition that plaintiff's choice of forum is given less weight when the plaintiff purports to represent a nationwide class, *id*. at 6-7 (citing *Lou v. Balzberg*, 834 F2d 730, 739 (9th Cir 1987)). Once again, reliance on a Ninth Circuit decision is certainly not acting contrary to law. Next, Judge Stewart noted that "many of the putative class members are subject to mandatory forum selection clauses requiring disputes to be resolved in the District of Connecticut." *Id.* at 7 ("Whatever remaining deference that is accorded plaintiff's choice of forum is further eroded by [this forum selection clause] evidence[.]"). Remarkably, Plaintiff makes the derogatory remark that this finding was "marinated in speculation and naked of any supporting facts." Obj. at 3. In the very next sentence, with emphasis, Haynes claims that "there is *nothing* in the record to suggest the applicability or prevalence of purported forum selection clauses which *may* exist for *absent*

PAGE 9 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

putative class members." *Id.* at 4.  Haynes repeats this statement a third time on page 8 of his Objection.

These statements are misrepresentations to the Court.  Before Judge Stewart were the following facts:

- Booking contracts typically entered into between WWE and its wrestlers after June 13, 1991 require that any disputes arising out of or relating in any way to the booking contracts be litigated in Connecticut.  Doc. 46, Langham Aff. at ¶ 16.

- Certain booking contracts entered into between 1997-2000 have an arbitration provision requiring arbitration in Connecticut.  *Id.*

- All known booking contracts entered into after 2000 have a forum selection clause of Connecticut.  *Id.*

- No contract between WWE and a wrestler has a forum selection clause of Oregon.  *Id.* at ¶ 17.

- The actual booking contracts, containing Connecticut forum selection clauses, of no less than <u>five</u> former WWE wrestlers who would be part of Haynes' putative class – the two named plaintiffs in the Singleton Class Action and the three named plaintiffs in the *McCullough* Class Action.  Doc. 47-2, Ex. 2 to Deft's Mot. to Transfer Venue; Doc. 58-1, Ex. A to May 28, 2015 Declaration of B. John Casey.[4]

- The records and e-mails showing that Haynes' lawyers, including Kyros and two other law firms which also represent Haynes, consented to the transfer of the *Singleton* case to Connecticut after WWE raised the issue of forum selection clauses.

This is not "speculation."  Obj. at 3.  These are facts.  And these facts rightly played a role in Judge Stewart's reasoning that little deference should be given to Haynes' chosen forum, as the case law – again undisputed by Plaintiff – confirms.  *See Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *6 (N.D. Cal. Nov. 10, 2003) (even

---

[4]    Kyros also had in his possession three different contracts of Nelson Frazier containing such clauses.  Thus, at the time of the filing of Haynes' Objection suggesting there was some question as to whether such clauses <u>may</u> exist, Kyros had at least eight different contracts produced to him by WWE showing such clauses in fact exist.

PAGE 10 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

though named plaintiff had no forum selection clause in its contract, transferring putative class action to jurisdiction named in forum selection clauses in class members' contracts).

After falsely representing that Judge Stewart made findings without evidentiary support, Plaintiff also contends in his Objection that he "presented counter-evidence that a substantial portion of participants in WWE events had no written contract with [WWE]." Obj. at 8. The "counter-evidence" to which Haynes refers is a single paragraph from a hearsay declaration – not from any wrestler – but from <u>Haynes' counsel</u>, in which Mr. Kyros states:

> I have spoken with many wrestlers who wrestled in WWF/WWE events after 1991 who state that they performed with no booking contract. Additionally I have reason to believe based on investigation that there are hundreds of such wrestlers. These are wrestlers that are asked to perform in WWF/WWE events as 'jobbers' or 'enhancement talent' with no WWE booking agreements.

Doc. 52, Kyros Decl. in Support of Pl.'s Opp. to Def.'s Mot. to Transfer Venue at ¶ 2.

As noted in WWE's Reply, Mr. Kyros' declaration should be disregarded because it consists of inadmissible – and wholly conclusory – hearsay statements that summarize his alleged conversations with certain unidentified wrestlers.[5] Doc. 57, Reply at 8; *see also LDM Sys., Inc. v. Russo*, No. CIV.A. 97-3111, 1997 WL 431005, at *1 (E.D. Pa. July 15, 1997) (transferring case and disregarding affidavit containing conclusory statements); *Rossi v. Trans World Airlines, Inc.*, 507 F.2d 404, 406 (9th Cir. 1974) (district court properly disregarded affidavit that contained inadmissible hearsay). Moreover, even if the Court considers this vague and conclusory hearsay, it certainly does not contravene Mr. Langham's sworn statement that "[a] substantial majority of the putative class members Plaintiff seeks to certify in this lawsuit

---

[5] None of these jobbers, who are akin to casual labor, have brought suit against WWE or been named as a plaintiff in any of the litigation commenced by Kyros against WWE. Without exception, in every case filed since *Haynes*, the wrestler at issue signed a contract with the mandatory forum election clause.

PAGE 11 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

are subject to contracts containing forum selection clauses that require their claims to be litigated in Connecticut." Langham Aff. ¶ 15.

Even if there was evidence that the forum selection clauses apply to less than the majority of the putative class members, which there is not, "this factor still leans in favor of venue transfer" since the clause never mentioned Oregon or any other state. *See Italian Colors Rest.*, 2003 WL 22682482, at *6 (reasoning that transfer was warranted even if only part of putative class was subject to forum selection clauses because there were no forum selection clauses requiring the dispute to be litigated in the transferor court or any court other than the transferee court); *see also* Langham Aff. ¶ 17 ("No contract between WWE and a wrestler has a forum selection clause of Oregon.").

Plaintiff next argues in his Objection that, "even if such clauses are prevalent," they may not apply, pointing out that plaintiffs "in <u>other related matters</u>" have argued that the clauses are unconscionable. Obj. at 8 (emphasis supplied). As an initial matter, Haynes himself never argued <u>in this case</u> that the forum selection clauses agreed to by others were unconscionable or unenforceable for any reason, Doc 50, Opp. at *passim*, so that matter is not before this Court. To be sure, in their attempts to defeat the jurisdiction of the Connecticut federal court, which Kyros and two other firms representing Haynes originally agreed to, Kyros did submit, or cause to be submitted, such arguments to two other federal courts even though such arguments were foreclosed in those circuits when presented, and for that matter, in every circuit. The unconscionability argument was expressly rejected in one of the "related matters" after Haynes' objections here were filed. As noted above, the district court in *McCullough* recently transferred that case to Connecticut, enforcing the WWE's forum selection clause, and rejecting the plaintiffs' argument that the clause is unconscionable. Casey Decl., Ex. A, at p. 5 ("Plaintiffs'

PAGE 12 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

unconscionability arguments against enforcing the forum selection clause still fall far short of satisfying their heavy burden.").[6]

Haynes has not come close to overcoming the heavy burden to show these clauses are unenforceable. In *Atlantic Marine Constr. Co., Inc. v. United States Dist. Ct. for the W. Dist. of Tex.*, the Supreme Court ruled that mandatory forum selection clauses are entitled to "controlling weight in all but the most exceptional cases." 134 S. Ct. 568, 581 (2013) (internal quotations omitted). Similarly, the Ninth Circuit has ruled that "forum selection clauses are to be specifically enforced unless the party opposing the clause clearly shows 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Haynes did not even attempt to argue – much less demonstrate – an "exceptional case" here under *Atlantic Marine* or that these forum selection clauses are "unreasonable or unjust" under *Manetti-Farrow*. *See* WWE Reply at 5-10. The reality is that none of the three law firms representing Haynes which also represent the plaintiffs in *Singleton* disputed the enforceability and applicability of the forum selection clauses when raised in that parallel action. WWE submits that, after agreeing to transfer the *Singleton* case to Connecticut, Kyros and co-counsel realized Connecticut also has repose statutes, and began a vexatious campaign of forum shopping which ignored the forum selection clauses, and which included Kyros attempting to conceal his role in the *McCullough* case. As noted, the attempt to invalidate the forum selection clauses before a different trial court in this Circuit in that case recently failed.

In short, Judge Stewart's finding that "many of the putative class members are subject to

---

[6] In the *Frazier* action, Kyros has also argued that the WWE's forum selection clause is unconscionable in response to the WWE's motion to transfer venue in that case. *See* disc. *infra*.

PAGE 13 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

mandatory forum selection clauses requiring disputes to be resolved in the District of Connecticut" is plainly correct, not plain error. Order at 7.

      **C.    The Record Evidence Shows That Haynes' Counsel Has Been Forum Shopping**

Haynes' last point of error is Judge Stewart's finding that the content and timing of the multi-jurisdictional filings constituted evidence of forum shopping, a finding that was also relevant to her conclusion that Haynes' choice of forum should be "accorded little deference." Order at 7, 8 (citing *Williams v. Bowman*, 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.")). Plaintiff's counsel apparently does not like the language used by Judge Stewart, and argues that WWE has engaged in an "*ad hominem* attack" against them by "advanc[ing] false and misleading claims about Plaintiff's course and motivation for this litigation." Obj. at 2. Not so. WWE "advanced" <u>facts</u> showing that Plaintiff's counsel was, in fact, forum shopping. The record evidence before Judge Stewart on this issue – undisputed by Haynes or his counsel – was as follows:

- The *Haynes* Class Action: Plaintiff's counsel filed the instant class action on October 23, 2014 on behalf of all U.S. residents who currently wrestle or formerly wrestled for WWE. In December 2014, the undersigned met and conferred with Haynes' counsel and explained that the claims of Haynes – who last wrestled for the WWE in 1988 – were time-barred by Oregon's ultimate statute of repose and were otherwise deficient in a number of respects.

- The *LoGrasso/Singleton* Class Action: After the meet and confer session in *Haynes* highlighted the repose problems with Haynes' claims, three of the law firms representing Haynes filed a "copy and paste" class action complaint for the *identical* class of putative plaintiffs, on January 16, 2015, naming former WWE wrestlers Vito LoGrasso and Evan Singleton as representative plaintiffs in federal court in Philadelphia. Both LoGrasso and Singleton signed booking contracts with the WWE that contained forum selection clauses specifying the District of Connecticut as the mandatory venue for disputes between the parties. After initially refusing to withdraw the LoGrasso/Singleton Class Action and refiling in Connecticut as required by LoGrasso's and Singleton's contracts, and thereby

PAGE 14 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

forcing the WWE to file a motion to transfer, Kyros and the other firms representing plaintiffs in the case decided not to oppose the motion. In its transfer order, the district court in Philadelphia stated that "the plaintiffs do not oppose a transfer of venue and agree the District of Connecticut is an appropriate forum." *See* Doc. 47-4, Ex. 3 to WWE's Mot. to Transfer Venue at 1, n.1.

- The *Frazier* Action: Kyros next filed another duplicative suit with identical claims and theories of liability for a former wrestler, Nelson Frazier, in Tennessee. *Frazier v. World Wrestling Entm't, Inc.*, No. 2:15-cv-02198-JPM-cgc (WD Tenn). Frazier was a member of the same exact class of plaintiffs that Kyros had filed on behalf of in the Haynes and LoGrasso/Singleton Class Actions. Once again, Kyros filed the Frazier Action in knowing violation of the mandatory forum selection clause in at least three contracts signed by Frazier. WWE moved to transfer the Frazier Action to the District of Connecticut, which motion is still pending.

- The *McCullough* Class Action: On April 9, 2015, shortly after conceding that "the District of Connecticut is an appropriate forum," Kyros caused the McCullough Class Action to be filed, another entirely duplicative class action in the U.S. District Court for the Central District of California, instead of simply joining those claims to the then-pending class action in the District of Connecticut. The booking contracts between WWE and the three named plaintiffs in the McCullough Action contain substantially similar mandatory forum selection clauses requiring that action to be litigated in Connecticut. *See* Doc. 58, Decl. of B. John Casey in Support of Def.'s Reply to Motion to Transfer Venue, Ex. A (Langham Decl. filed as Document No. 16-7 in the McCullough Action). To conceal his involvement in the McCullough Action, Kyros did not sign the complaint filed in the McCullough Action, so that California counsel could disavow any connection to Kyros' prior agreement to transfer the Singleton Class Action to Connecticut. Kyros and his California co-counsel refused to respond to WWE counsel's multiple requests to confirm or deny that Kyros represents the named plaintiffs in the McCullough Class Action, a fact noted by Judge Stewart in her opinion. Order at 8. Notably, Kyros' involvement was placed before the California court, and the lawyers there did not dispute his involvement. Likewise, in the Opposition to Judge Stewart's Order, Kyros does not dispute that he was in fact involved in that case and attempted to conceal his role. As noted, the district court in *McCullough* recently transferred the case to the District of Connecticut.

The timing of these suits reveals the reason and purpose of the forum shopping — avoidance of the repose statutes, first of Oregon and now of Connecticut. No other explanation is plausible, and none has been offered. Plaintiff's counsel offers not one sentence explaining why these multiple suits have been brought instead of simply joining all of them to the purported

PAGE 15 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

class action which they agreed should be transferred from the Eastern District of Pennsylvania to Connecticut. The actual facts satisfy the very definition of forum shopping, which is relevant in the venue transfer analysis, as Judge Stewart properly noted. Order at 7; *see also Italian Colors Rest.*, 2003 WL 22682482, at *4 ("[T]he Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping" and transferring case where, like here, lawsuit involved "a roster of counsel" who had filed multiple overlapping lawsuits in other jurisdictions with different named plaintiffs against the same defendant) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

Remarkably, since Judge Stewart's ruling, Kyros has engaged in even <u>more</u> forum shopping. Specifically, not twenty-four hours after Judge Stewart issued her ruling, Kyros filed another former wrestler lawsuit in yet another Federal Court in yet another state asserting yet the same substantive claims. *See* Casey Decl., Ex. B. Kyros filed the *Osborne* Action in the United States District Court for the Northern District of Texas despite the fact that (i) the plaintiff and her children live in <u>Pennsylvania</u>, *id.* ¶¶ 16–18, which <u>runs directly counter</u> to the statement in the Objection that "each subsequent suit against the WWE for concussion-related injuries was <u>filed by individuals in their home districts</u>," Obj. at 9 (emphasis supplied); (ii) Mr. Osborne agreed to a forum selection clause that establishes the District of Connecticut as the exclusive forum for his claims; and (iii) Mr. Osborne is a member of the purported class in all three purported class actions initiated by Kyros.[7] Given this conduct, Judge Stewart was absolutely correct in her conclusion that "[P]laintiff's choice of Oregon as one state on a hit-list

---

[7] In light of the transfer orders in *Haynes* and *McCullough*, counsel for WWE asked Kyros to voluntarily dismiss *Osborne* and *Frazier* without prejudice and re-file in Connecticut. Kyros' let his co-counsel respond and stated that they wanted to wait and see how the Tennessee court would rule on WWE's transfer motion in the *Frazier* case, showing that they are seeking inconsistent court rulings, which itself is evidence of forum shopping. *See* Casey Decl. Ex. C (July 14, 2015 counsel email correspondence).

PAGE 16 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

of potential venues for his nationwide class action is accorded little deference." Order at 8 (internal quotations omitted).

Judge Stewart is not the only federal jurist concerned about Kyros' forum shopping. The same day this Response was filed, Judge Bryant in the District of Connecticut issued an order, <u>sua sponte</u>, requiring Kyros to "show cause why, in light of the forum selection provision in WWE's employment contracts resulting in multiple orders of transfer, these actions should continue to be filed in other jurisdictions." *McCullough v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-1074-VLB, Doc. 42 (D. Conn. July 23, 2015). Judge Bryant, like Judge Stewart, is justifiably concerned that Kyros has purposefully tried to avoid the jurisdiction of the same Connecticut court that he originally agreed was the appropriate court in which to bring these suits.

Finally, WWE disputes that Judge Stewart's ruling has, as Haynes asserts, "the potential for harm to counsels' reputation." Obj. at 9. It is a measured and well-reasoned opinion which, if anything, understates the actions of Haynes' principal counsel. As set forth herein, two other federal jurists have already acted to correct Kyros' forum shopping, and another has required Kyros to show cause for his duplicative filings in multiple jurisdictions, so Judge Stewart's Order hardly stands alone. There simply is no basis to "modify" Judge Stewart's Order, as confirmed by the single case on this issue cited by Haynes.[8] *See In re Baan Co. Sec. Litig.*, 288

---

[8] Haynes also takes issue with statements made by WWE's counsel to the media about his attorneys' forum shopping. Obj. at 10. WWE's counsel has had to respond to the tactics used against it designed to garner media attention and prejudice WWE. Kyros has used the media to try to recruit more plaintiffs to file additional lawsuits. *See, e.g.,* Casey Decl., Ex. D at p. 8 (Transcript of March 27, 2015 "Radio Takedown" Podcast (Kyros: "I can win a case against the WWE if people come forward with their stories and their circumstances and their injuries and you know ... if every wrestler who believe that they'd been harmed by the WWE right now decided to file a lawsuit against the WWE, this would surely decide, I think, an outcome.")). Moreover, Mr. McDevitt's comment was made after it became clear that Kyros would not be

PAGE 17 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

F. Supp. 24 14, 15-16 (D. D.C. 2003) (refusing to modify most of Magistrate's R&R criticizing plaintiff's counsel in fee award ruling even though it had the potential to harm counsel's reputation; deleting one sentence referring to the "number of times that the Court was required to address the issue of lead plaintiffs and the matter of class certification, since it is true that the need for these successive motions cannot be attributed entirely to plaintiffs' counsel").

## IV.   CONCLUSION

For all of the foregoing reasons and those set forth in the underlying briefing, Judge Stewart's Order should be affirmed.

DATED this 23rd day of July, 2015.

                K&L GATES LLP

                By: /s/ B. John Casey
                     B. John Casey, OSB #120025
                     Email: john.casey@klgates.com

                     Jerry S. McDevitt, *pro hac vice*
                     Email: jerry.mcdevitt@klgates.com
                     Curtis B. Krasik, *pro hac vice*
                     Email: curtis.krasik@klgates.com

                     *Attorneys for Defendant World Wrestling Entertainment, Inc.*

---

deterred by Judge Stewart's transfer order, as he filed the very next day the *Osborne* action in Texas, not on behalf of Texas residents, but Pennsylvania residents despite a Connecticut forum selection clause in Mr. Osborne's booking contract with WWE. Notably, Mr. McDevitt's comments were in response to press inquiries garnered by Kyros' inclusion in the *Osborne* complaint of pictures of wrestlers who had died, which deaths had nothing to do with any claim of Osborne, and the inclusion of which ignored a prior admonition of the federal judge in Connecticut in the *Singleton* case not to include such material. *See* Casey Decl. ¶ __, Ex. __ (June 8, 2015 Hrg. Tr. in *Singleton*, at p. 62 ("Are you going to reference every wrestler that's dead in your complaint? I don't - I don't follow that. You really need to read and get a better grip on the pleading standard in the next week and file an amended complaint.")).

PAGE 18 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of July, 2015, I served a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE on the following parties via the Court's CM/ECF System:

Steve D. Larson
Joshua L. Ross
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Email: slarson@stollberne.com; jross@stollberne.com
      Attorneys for Plaintiff William Albert Haynes III

Pro Hac Vice admitted attorneys for Plaintiffs:

| | |
|---|---|
| Konstantine Kyros<br>Kyros Law Offices, PC<br>kon@kyroslaw.com | Taylor Asen<br>Cuneo Gilbert & LaDuca, LLP<br>tasen@cuneolaw.com |
| Erica Mirabella<br>Mirabella LLC<br>erica@mirabellaLLC.com | Scott Moriarty<br>Lockridge Grindal Nauen PLLP<br>samoriarity@locklaw.com |
| Brendan Thompson<br>Cuneo Gilbert & LaDuca, LLP<br>brendant@cuneolaw.com | Robert Shelquist<br>Lockridge Grindal Nauen PLLP<br>rkshelquist@locklaw.com |
| Charles LaDuca<br>Cuneo Gilbert & LaDuca, LLP<br>charles@cuneolaw.com | |

DATED this 23rd day of July, 2015.

                                                       /s/ B. John Casey
                                                       B. John Casey

PAGE 19 – DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200